UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMAS GARCIA GUZMAN,

                  Plaintiff,

    v.

WARDEN (NWDC), *et al.*,

                  Defendants.

No. C09-5392 RJB/KLS

ORDER TO AMEND OR TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4. The case is before the Court for review of the complaint of Tomas Garcia Guzman. Mr. Guzman is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1]

**I. DISCUSSION**

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir.

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

ORDER - 1

1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Mr. Guzman's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Guzman an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the

ORDER - 2

opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

To state a cause of action under § 1983, Mr. Guzman must allege that (1) the named Defendants deprived him of a right secured by the Constitution or laws of the United States and (2) that, in doing so, the Defendants acted under color of state law. See *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Plaintiff sues the Warden of the NWDC and Cindy Ogden, the "officer in charge of [the] law library." Dkt. 1, p. 1. He alleges that the NWDC library is "conducted in a very abusive manner and we are denied access to the law library or if one is lucky he is given only ten minutes in total." *Id.* He alleges that if one insists on using the equipment, that person becomes a

ORDER - 3

"subject of physical abuse and constant harassment and grievances are ignored by the superiors." *Id.* Plaintiff further alleges that the law library guards censor what a detainee can send to courts as evidence and that legal documents are being read when they are presented for copying. *Id.*, p. 2. The Court cannot infer from the vague and conclusory statements contained in Plaintiff's complaint that any of the named defendants have violated his constitutional rights.

**A.      Allegations of Abuse and Harassment**

When a pre-trial detainee challenges some aspect of his pretrial detention, the issue to be decided is the detainee's right to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 533, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)( "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). Such challenges arise under "the 'more protective' " Fourteenth Amendment Due Process Clause, rather than the cruel and unusual punishment clause of the Eighth Amendment. *Jones v. Blanas*, 393 F.3 d 918, 931 (9th Cir.2004) (quoting *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir.1987)). But cf. *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir .1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.").

Further, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir.1981), aff'd sub nom. *Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); see, e.g., *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), amended 135 F.3d 1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (directing vulgar language at prisoner does not state

ORDER - 4

constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir.1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir.1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C.1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is so even if the verbal harassment is racially motivated. See *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir.1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n. 1 (use of racial slurs in prison does not offend Constitution).

Plaintiff alleges that abuse and constant harassment are visited on persons who insist on using the law library facilities. Dkt. 1, p. 1. However, he fails to identify with factual specificity the nature of such abuse and harassment, when such abuse and harassment occurred, or how the named defendants individually were involved in the abuse or harassment. Thus, these allegations do nto state a cause of action under Section 1983.[2]

**B.     Access to Law Library**

Plaintiff also complains that unidentified individuals deny or limit his access to the law library and read legal mail submitted by the detainees for copying. Dkt. 1, p. 2. .

Prisoners, including pretrial detainees, "have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821 (1977); accord *Lewis v. Casey*, 518 U.S. 343, 350 (1996), grounded, as relevant to prisoners, in the constitutional guarantees of equal protection

---

[2] Here and elsewhere in his complaint, the Court notes that Plaintiff refers to other detainees who are allegedly being harmed by the conduct of Defendants. However, Plaintiff may not pursue a cause of action under 42 § 1983 on behalf of any other detainee. Plaintiff is advised that a pro se party may not represent the interests of other persons. Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

ORDER - 5

and due process, see, e.g., *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989) ("The prisoner's right of access has been described as a consequence of the right to due process of law, and as an aspect of equal protection." (internal citations omitted)); see also *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002) (observing that, in various civil and criminal cases, the Supreme Court has grounded the right of access to the courts in the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment).

The Supreme Court explained in *Bounds* that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. But the Supreme Court has likewise instructed that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174, 135 L.Ed.2d 606. Instead, "[t]he right that *Bounds* acknowledged was the (already well-established) right of access to the courts," *Lewis*, 518 U.S. at 350, 116 S.Ct. 2174, 135 L.Ed.2d 606; see also id. at 351, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 ("'[M]eaningful access to the courts is the touchstone.'" (quoting *Bounds*, 430 U.S. at 823, 97 S.Ct. 1491, 52 L.Ed.2d 72)). The point is to provide prisoners with the tools they "need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355, 518 U.S. 343; see also *Bounds*, 430 U.S. at 825 (stating that the relevant inquiry is whether the inmate has "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts").

An inmate alleging a denial of his right of access to the courts must show actual injury, and "an inmate cannot establish relevant actual injury simply by establishing the prison's law

ORDER - 6

library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In the Ninth Circuit, a prisoner alleging that he was denied his constitutional right of access to the courts due to inadequate access to library facilities must show two things: (1) he must demonstrate that his ability to access the library was so limited that it was unreasonable; and (2) he must establish that this limited access caused him actual injury. *Vandelft v. Moses*, 31 F.3d 794, 787 (9th Cir. 1994). An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348.

Here, Mr. Guzman fails to allege when, how and who denied or limited his access to the law library. In addition, Mr. Guzman must allege not only that his ability to access the library was so limited that it was unreasonable, but that he suffered an actual injury; for example, he was unable to meet a court ordered deadline.

Similarly, Mr. Guzman has failed to allege when his legal mail has been censored and by whom and when his legal documents have been read and by whom.

**C.     Naming Warden as Defendant**

Plaintiff names the "Warden" of the NWDC as a defendant but includes no allegations as to this defendant. As noted above, a plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint and a defendant cannot be held liable solely on the basis of his supervisory responsibility or position. To state a claim under Section 1983, Mr. Guzman must allege when, where and in what manner the Associate Warden was involved in causing him constitutional harm.

ORDER - 7

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than March 12, 2010.** If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5392RJB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

ORDER - 8

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by March 12, 2010, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

DATED this 17th day of February, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9